IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO HENDERSON, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:22-cv-02606 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| MIKE DEWINE, *et al.*, | : | Magistrate Chelsey M. Vascura |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the court on Magistrate Judge Chelsey M. Vascura's Report and Recommendation (ECF No. 11). The Report addressed Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). Plaintiff's timely filed objections to the Report and Recommendation on August 25, 2022. (ECF No. 12). For the reasons set forth more fully below, this Court **OVERRULES** Plaintiff's Objections (ECF No. 12) and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11). Accordingly, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED**.

### I.  BACKGROUND

Plaintiff Antonio Henderson is an Ohio state inmate proceeding without the assistance of counsel. (*See* ECF No. 11 at 1; ECF No. 1 at 2). He brings this action against numerous state and prison officials alleging that his treatment at Belmont Correctional Institution ("BCI") constitutes a violation of his Eighth Amendment rights. (*See* ECF No. 10 at 4–5).

The Magistrate Judge recommended that Henderson's motion to proceed *in forma pauperis* be denied. (ECF No. 11 at 1). The Report and Recommendation noted that Henderon had previously filed three lawsuits that have all been dismissed for failure to state a claim pursuant to

28 U.S.C. § 1915(e), and thus that he is a "three striker." (ECF No. 11 at 2). A prisoner who has previously, "on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous malicious, or fails to state a claim upon which relief may be granted," may not file another civil action "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Magistrate Judge found that Plaintiff's situation did not rise to the level of "imminent danger of serious physical injury" under Sixth Circuit precedent, and therefore recommended denial of Plaintiff's motion. (ECF No. 11 at 2 (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013))).

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on August 25, 2022. (ECF No. 12). In the Objections, he argues that he is "under imminent danger" within the meaning of § 1915(g), and therefore should be exempted from the three strike rule. (*Id.* at 1). Specifically, he argues that prison populations are subject to heightened vulnerability due to prisons' failure to follow national safety guidelines.[1] (*Id.*). Finally, Plaintiff also claims prison guards have shown deliberate indifference to his serious medical conditions (namely, diabetes and heart disease), as demonstrated by their retaliatory acts against him and decision to move him back to an overcrowded dormitory. (*Id.* at 1–2). Altogether, these factors, according to Plaintiff, combine to create an "imminent danger of serious physical injury." *Id.*

The State of Ohio responded to Plaintiff's Objections as an interested party. (ECF No. 13) In the Response, the State noted that Plaintiff does not cite any legal authority to demonstrate that his situation qualifies as "imminently dangerous" and did not provide specific facts showing that

---

[1] Plaintiff refers to the BOP, which this Court understands to stand for the Bureau of Prisons. The Bureau of Prisons is a federal law enforcement agency, whereas Plaintiff is in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC").

he is currently in any particular danger of contracting COVID-19. (ECF No. 13 at 1–2). The State argues that Plaintiff failed to provide specific facts showing that he is currently in any particular danger of contracting COVID-19, relying instead on conclusory allegations. (*Id.* at 2–3). Plaintiff responded to the State's briefing, claiming that a plaintiff only needs to assert allegation of imminent danger and need not affirmatively prove those allegations at this stage of the litigation. (ECF No. 15 at 1).

## II. STANDARD OF REVIEW

If a party objects within 14 days to the magistrate judge's proposed findings and recommendations, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). The district court may "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b). On the other hand, if a party fails to object timely to the magistrate's recommendation, that party waives the right to *de novo* review by the district court of the report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Waiver does not, however, "preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Id.* at 154.

A party's objection should be specific, identify the issues of contention, and "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The onus is on the objecting party "to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v.*

3

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quotation marks and citation omitted). When a pleader fails to raise specific issues, the district court will consider this to be "a general objection to the entirety of the magistrate report[, which] has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III.  LAW & ANALYSIS

As noted previously, a prisoner who has had three previous lawsuits dismissed as frivolous, malicious, or for failure to state a claim, may not bring a further civil action unless the "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is known colloquially as the "three-strike rule." In the present case, Henderson does not dispute that he has three strikes against him. (*See* ECF No. 15 at 2–3 ("The Plaintiff acknowledges that he 'has previously filed (3) complaints that were dismissed as frivolous [sic] or groundless for failure to state a claim and that as such he is required to satisfy section 1915(G) imminent danger exception.")) The only question before this Court is whether Henderson's circumstances — in effect, that of a prisoner with medical conditions, subject to an overcrowded prison and retaliation by prison guards — put him in danger of contracting COVID-19 and, consequently, in "imminent danger of serious physical injury." (*See* ECF No. 12 at 1–3).

The "imminent danger" exception is essentially a pleading requirement subject to the ordinary principles of notice pleading. *Vandiver*, 727 F.3d at 585. To satisfy this pleading standard, "[a] plaintiff must . . . allege facts from which a court, informed by judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed a complaint." *Id.* To raise a plausible claim of imminent danger, "the threat of prison condition must be real and proximate; and the danger must result in serious physical injury." *Id.* The danger does not require, on the other hand, a prisoner to show that he or she is suffering

4

from a life-threatening ailment, only one that poses a threat of serious physical injury. *See Ryan v. G. Robert Cotton Corr. Facility*, 2020 WL 9258300, at *3 (6th Cir. Dec. 8, 2020) (citations omitted). And the question for this Court, at this stage, is not about the merits of Plaintiff's claim, but simply whether Plaintiff has adequately "assert[ed] allegations of imminent danger." *Vandiver*, 727 F.3d 580, at 585 (quoting *Tucker v. Pentrich*, 483 F. App's 28, 30 (6th Cir. 2012)).

Plaintiff has failed to demonstrate that his circumstances qualify for the statutory exception of "imminent danger" under §1915(g). Henderson's allegations about his exposure to COVID-19 are speculative. He raises, in effect, three concerns: (1) that the prison is not following national safety guidelines (ECF No. 12 at 1); (2) that he suffers from diabetes and heart disease (*id.*), which are risk factors; and (3) that he is housed in overcrowded conditions. (*Id.* at 2). But these assertions alone are inadequate to demonstrate a real threat or danger of serious injury. He has not, for example, specified what guidelines have not been followed, *cf. Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (noting that a court "need not accept as true a legal conclusion couched as a factual allegation" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted))), nor that there is currently a COVID-19 outbreak at BCI. *See United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021); *cf. United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). The Court does acknowledge the increased concerns that having risk factors like diabetes may raise. Such risks have, however, been mitigated by the widespread availability of vaccines, which have vastly decreased the imminency and likelihood of serious physical injury from contracting COVID-19. *See Garrett v. Murphy*, 17 F.4th 419, 453 (3rd Cir. 2021) ("We also take judicial notice that, to the extent Garrett believes that he remains at serious risk of physical injury or death, effective COVID-

19 vaccines are widely available, and Garrett has not shown he lacks proper access to the vaccine." (citing *United States v. Burgard*, 857 F. App'x 254, 255 (7th Cir. 2021))); *cf. United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (noting that "access to the COVID-19 vaccine substantially undermines" a prisoner's need for sentence reduction).

Here, Plaintiff has not suggested that he is unable to receive or benefit from a vaccine. *Cf. United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (noting that "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release" because the "risk is self-incurred"). Instead, Plaintiff asserts only that "[t]he vaccine is not adequate treatment" because "Data shows that the COVID 'vaccine' . . . has caused massive injury and death to people far beyond a normal vaccine." (ECF No. 15 at 2). The numbers cited by Plaintiff regarding deaths from COVID-19 vaccines derives from a misunderstanding of Vaccine Adverse Event Reporting System ("VAERS") data, *see Guide to Interpreting VAERS Data*, VAERS, https://vaers.hhs.gov/data/dataguide.html, and misconstrue the safety of the COVID-19 vaccines. In fact, the efficacy of the vaccine is not in dispute within the scientific community. *See also Benefits of Getting a COVID-19 Vaccine*, CTRS. FOR DISEASE CONTROL AND PREVENTION (Aug. 17, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html.

Plaintiff has had "three strikes" and is not in "imminent danger"; therefore, he may not proceed *in forma pauperis*.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Objections (ECF No. 12) are **OVERRULED**. This Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is **DENIED**. The Court therefore

6

**ORDERS** Plaintiff to pay the full $402 filing fee ($350 filing fee, plus $52 administrative fee) required to commence this action **WITHIN THIRTY DAYS**; failure to timely pay the full fee within thirty days will result in dismissal of this action.  Further, the Court **CERTIFIES** pursuant to 28 U.S.C. 1915(a)(3) that an appeal would not be taken in good faith.

    **IT IS SO ORDERED.**

                                                                               _____
                                                                               **ALGENON L. MARBLEY**
                                                                               **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  December 20, 2022**